## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HECTOR OCAS and ERIKA ALVA w/h<br><br>**Plaintiffs,**<br><br>vs.<br>The **UNITED STATES OF AMERICA,**<br>**DEPARTMENT OF LABOR**<br><br>**Defendant.** | CIVIL ACTION NO. _____ |

### COMPLAINT

Plaintiffs, Hector Ocas and Erika Alva, husband and wife, bring this Civil Action Complaint against the United States Department of Labor, for judicial review of a "final agency action" pursuant to the Administrative Procedures Act, 5 U.S.C.§§ 701, et seq., and aver as follows:

### JURISIDICTION AND VENUE

1.      This is an action for judicial review of final agency action of the United States of America Department of Labor pursuant to the Administrative Procedure Act, 5 U.S.C. §701, *et seq.* to deny plaintiff's request to permit the taking of testimony from a former Occupational Safety and Health Administration compliance officer, Magnolia Torres, in a civil action for catastrophic personal injuries pending in the First Judicial District, Philadelphia County, Pennsylvania.

2.      This Court has jurisdiction pursuant to the following statutes:

   a.   28 U.S.C. §1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

b.  5. U.S.C. §702, which gives "a person suffering a legal wrong because of an agency action or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

3.  Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) because the events that gave rise to this Complaint occurred in this district.

## PARTIES

4.  Plaintiffs incorporate all paragraphs of this Complaint as though set forth fully herein at length.

5.  Plaintiffs, Hector Ocas and Erika Alva, are adult individuals who reside at 200 Filmore Street, Apartment 1, Riverside, NJ 08075-3222.

6.  At all times material, Mrs. Alva, was the legal wife of Mr. Ocas, and resided with him in the State of New Jersey at 200 Filmore Street, Apartment 1, Riverside, NJ, 08075-3222.

7.  Defendant, United States of America, Department of Labor is a federal government agency responsible for overseeing the Occupational Health and Safety Administration (hereinafter sometimes referred to as "OSHA") whose mission it is to assure safe and healthful working conditions for men and women by setting and enforcing standards and by providing training, outreach, education and assistance."

## GENERAL ALLEGATIONS

8.  Plaintiffs incorporate all paragraphs of this Complaint as though set forth fully herein at length.

9.  On November 8, 2014, Plaintiff, Hector Ocas, an independent contractor, was installing windows and/or doors in residences being constructed as part of a multi-unit residential

construction project located at or near 1102-1104 Lemon Street and/or 611 N. 11th Street in Philadelphia, Pennsylvania.

10.     On November 8, 2014, Mr. Ocas suffered a fall inside one of the residences where he had been assigned to work, resulting in a traumatic brain injury and permanent paralysis (tetraplegia).

11.     Plaintiffs have filed a civil action in the First Judicial District of Pennsylvania, Philadelphia County Court of Common Pleas seeking redress for the injuries and damages of Mr. Ocas and his wife.

12.     The gist of plaintiffs' civil action is that defendants, property owner, architect, general contractor and contractors, were responsible for engaging in safe construction practices on the multi-unit residential construction project, and that Mr. Ocas' fall was direct result of the defendants' collective failure to use safe construction practices on the job site.

13.     Plaintiffs' Civil Complaint, and Amended Complaints, allege that defendants, Frank Esposito Construction Company, Inc., Harman Deutsch Architecture, 618, 622-626 North 11th Street, LLC, Freedom Construction Company, Lunas Drywall and Paint, LLC, Europa Carpentry II, Ronivon Camargo, Camargo Construction Company, Roncone Construction Limited Liability Company, and WVM Construction, Inc., failed to have safety measures in place to prevent falls, including without limitation guard rails in place in and around the area that Mr. Ocas needed to access in order to perform installation.

14.     Upon information and belief, on or around November 14, 2014, OSHA compliance officer, Magnolia Torres, was notified of Mr. Ocas' fall and met with a representative from the construction site's general contractor for a site visit and walk around.

15.     Upon information and belief, Ms. Torres and/or other OSHA representatives observed and took photographs of the accident scene.

16.     Additionally, OSHA personnel spoke to numerous witnesses including Ronivon Camargo, the individual who contracted with Mr. Camargo, and representatives from the General Contractor, Frank Esposito Construction Company, Inc., regarding Mr. Ocas' fall.

17.     Ms. Torres obtained a statement from Mr. Camargo, the only potential eyewitness to the events leading up to and surrounding Mr. Ocas's fall from a height.

18.     On March 21, 2016, plaintiffs' counsel issued a duly authorized subpoena to Magnolia Torres to testify at deposition in Mr. Ocas' civil case. A true and correct copy of Plaintiffs' Subpoena is attached hereto as **EXHIBIT "A."**

19.     At the time plaintiffs' subpoena was issued to Ms. Torres, she was no longer employed by OSHA.

20.     On March 24, 2016, Regional Solicitor for the United States of America Department of Labor, Oscar L. Hampton, III, Esquire, notified plaintiffs' counsel that current and former OSHA employees are prohibited from testifying in private litigation without the express permission of the Deputy Solicitor of Labor pursuant to 29 C.F.R.§2.20-2.25, and that he declined to make Ms. Torres available to testify in Mr. Ocas' civil case without a written summary of the information sought from Ms. Torres. A true and correct copy of Mr. Hampton's March 24, 2016 letter is attached hereto as **EXHIBIT "B."**

21.     On March 30, 2016, plaintiffs' counsel drafted a written request to the United States of America Department of Labor to permit the taking of Magnolia Torres' deposition pursuant to 29 C.F.R. §2.20-2.25. A true and correct copy of Plaintiffs' March 30, 2016 letter is attached hereto as **EXHIBIT "C."**

22.     The information sought from Ms. Torres includes Ms. Torres' observations of the construction site during her inspection of the construction site and the content of conversations that Ms. Torres had with named parties to the civil action regarding Mr. Ocas' fall, including Mr. Ocas, Ronivon Camargo, and representatives from Frank Esposito Construction Company.

23.     Upon information and belief, albeit six (6) days after Mr. Ocas' fall, Ms. Torres was the first and only independent party to conduct an investigation of the area where Mr. Ocas fell before the area was put back into use by defendants.

24.     The scene photographs that Ms. Torres' has taken are not described in her redacted notes, and are difficult to decipher without her assistance and orientation.

25.     For instance, it is impossible to tell from what angle each photograph was taken and which floor(s) it depicts. *See e.g.* OSHA photographs attached as **EXHIBIT "D"**.

26.     The OSHA materials contain no accompanying descriptions of the photographs or any explanatory notes as to the photographs.

27.     The buildings that were under construction at the time of Mr. Ocas' fall are now completed and are private residences; therefore, it is impossible to do a site inspection to re-create the accident conditions.

28.     A critical eyewitness and party to the underlying third-party action, Ronivon Camargo, has not responded to plaintiffs' lawsuit, is in default, and is non-participatory the party's discovery matters.

29.     It is anticipated that the Defendants in the lawsuit for negligence will rely on the lack of citation by OSHA to attempt to somehow prove that they were non-negligent, yet there appear to have been jurisdictional as well as temporal issues that prevented OSHA from actually

engaging in a full and complete assessment of the fall site and its compliance with OSHA regulations.

30.     Upon information and belief, Ronivon Camargo, has multiple other fall-related violations from OSHA and there is a need to obtain information as to his practices and those of the other entities involved in this matter.

31.     Moreover, representatives from the defendant general contractor in the plaintiffs' underlying civil action, Frank Esposito Construction Company, have testified to various statements made by Ms. Torres during her inspection of the area where Mr. Ocas fell.

32.     Plaintiffs' counsel demonstrated in his request that the information sought was relevant and essential to the presentation of Mr. Ocas' and Mrs. Alva's case, that there are not reasonable means for acquiring the information sought, and that significant injustice would ensue of the testimony of Ms. Torres was not made available.

33.     Unfortunately, by letter dated May 5, 2016, Katherine E. Bissel, Esquire, Deputy Solicitor for Regional Operations of the United States of America Department of Labor denied plaintiffs' request to depose former OSHA employee, Magnolia Torres. A true and correct copy of Ms. Bissel's May 5, 2016 letter is attached hereto as **EXHIBIT "E."**

34.     Plaintiff now seeks appeal and review of Ms. Bissel's determination and final agency action of the Department of Labor to deny permission to depose Ms. Magnolia Torres.

### -COUNT I-
### JUDICIAL REVIEW OF AGENCY ACTION PURSUANT TO APA 5. U.S.C. §702

35.     Plaintiffs incorporate the preceding paragraphs of this Complaint as if each has been set forth fully herein at length.

36.     Defendant Department of Labor's denial acted as a "final agency action" for purposes of the Administrative Procedure Act, 5 U.S.C. §704.

37.     Defendant, United States of America Department of Labor, acted arbitrarily and capriciously in not waiving the prohibition on Ms. Torres' testimony in Mr. Ocas and Mrs. Alva's personal injury action.

38.     Defendant, United States of America Department of Labor, failed to weigh plaintiffs' need for testimony against the adverse effects on the Department of Labor's concerns: (1) centralizing the dissemination of information of the agency; (2) minimizing government involvement in controversial matters unrelated to official business; and (3) avoiding the expenditure of government time and money for private purposes."

39.     In summary fashion, arbitrarily, and without taking into consideration the need for deposing Ms. Torres as the only witness to have conversed with the non-participatory defendant eye-witness, Hector Camargo, her frame of reference for having taken the photographs supplied in the redacted Department of Labor investigative file, and the unique necessity of her sworn deposition testimony regarding conversations that she had with plaintiff and other interviewees, the Department of Labor denied plaintiffs' request to permit the taking of Ms. Torres' deposition.

40.     The testimony of Ms. Torres remains essential to the presentation of Mr. Ocas' and Mrs. Alva's case, there are no reasonable alternative means for acquiring the information sought from Ms. Torres, and significant injustice would remain if Ms. Torres was not permitted to testify at deposition in Mr. Ocas' and Mrs. Alva's personal injury suit.

41.     As a direct and proximate result of Defendant Department of Labor's denial of plaintiffs' request to depose Ms. Magnolia Torres, plaintiffs have suffered injustice, prejudice and injury to their ability to prepare and present their underlying personal injury action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter Judgment against Defendant and provide the following relief:

(a) Hold unlawful and set aside the Department of Labor's action, findings, and conclusions as arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law;

(b) An order compelling Ms. Magnolia Torres to attend and provide deposition testimony; and

(c) Such other and further relief as the Court deems appropriate.

Respectfully submitted,

**MESSA & ASSOCIATES, P.C.**

By: _/s/ Jenimae Almquist_
Joseph L. Messa, Jr., Esquire
Jenimae Almquist, Esquire
Angelo Theodosopoulos, Esquire
123 S. 22nd Street
Philadelphia, PA 19103
Ph: (215) 568-3500
Fax (215) 568-3501
Email: jmessa@messalaw.com;
jalmquist@messalaw.com;
atheodosopoulos@messalaw.com

# Exhibit "A"



COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

In the matter of:

OCAS ETAL VS FRANK ESPOSITO CONSTRUCTION COMPANY,

Court of Common Pleas

_____ January _____ Term, Yr._15_____

No.___00041_____

# Subpoena

To:  __Magnolia Torres_____

      *(Name of Witness)*                       *(Nombre del Testigo)*

    1.    YOU ARE ORDERED BY THE COURT TO COME TO *(El tribunal le ordena que venga a)*

__923 Fayette Street, Conshohocken, PA 19426_____, AT PHILADELPHIA, PENNSYLVANIA ON *(En Filadelfia*

*Pensilvania el)*_____March 28, 2016_____, AT *(a las)* _04:00_ O'CLOCK _P_.M.,  TO

TESTIFY ON BEHALF OF *(para atestiguar a favor de)*___OCAS HECTOR_____ IN THE

ABOVE CASE, AND TO REMAIN UNTIL EXCUSED *(en el caso arriba mencionado y permanecer hasta que le autoricen irse).*

    2.    AND BRING WITH YOU THE FOLLOWING *(Y traer con usted lo siguiente)*:

Please bring any and all documents related to this case.

<table>
<tr><td><b>Notice</b></td><td><b>Aviso</b></td></tr>
<tr><td>If you fail to attend or to produce the documents or things required by the subpoena, you may be subject to the sanctions authorized by Rule 234.5 of the Pennsylvania Rules of Civil Procedure, including but not limited to costs, attorney fees and imprisonment.</td><td>Si usted falla en comparecer o producir los documentos o cosas requeridas por esta cita, usted estara sujeto a las sanciones autorizadas por la regla 234.5 de las reglas de procedimiento civil de Pensilvania incluyendo pero no limitado a los costos, remuneracion de abogados y encarcelamiento.</td></tr>
</table>

INQUIRIES CONCERNING THIS SUBPOENA SHOULD BE ADDRESSED TO *(Las preguntas que tenga acerca de esta Citacion deben ser dirigidas a)*:
ISSUED BY:    Jenimae Almquist, Esquire

    *(Attorney)*                   *(Abodago/Abogada)*

Address *(Direccion)*:    Messa & Associates
                      123 South 22nd Street

                      Philadelphia, Pa  19103

Telephone No. *(No. de Telefono)*:    215 568-3500

Attorney ID # *(Abogado ID#)*:    94605

BY THE COURT *(Por El Tribunal)*:
**Eric Feder**
Deputy Court Administrator *(Administrador del Tribunal Adjunto)*
Director, Office of Judicial Records *(Director de la Oficina de Registros Judiciales)*

           PRO

           *(Clerk)*                   *(Escribano)*

Joseph L. Messa, Jr. ▪●◊
Richard J. Heleniak, ▪○
Irene M. McLafferty ▪
Eric H. Weitz ▪
Lee D. Rosenfeld ◊
Thomas N. Sweeney ▪
Jenimae Almquist ▪
Suzanne H. dePillis ▪
Justin L. Groen ▪
Ramon A. Arreola ▪
Angelo Theodosopoulos ▪
Megan M. Kwak▪
Jennifer Gomez Hardy▪

*Counsel to the firm:*
Brett Batoff ★
John Mininno ▪*
Noelle L. Palazzo ▪
Anastasia Buccino-Roth ▪
Steven A. Friedman, M.D., F.A.C.P. ✕★
Richard S. Swartz ▪
Joanna B. Seidman ★

# Messa ⅋ Associates

123 South 22nd Street
Philadelphia, PA 19103
*p* 215.568.3500
*f* 215.568.3501
*toll free* 877MESSALAW

▪ Admitted to PA & NJ Bars
◊ Admitted to PA, NJ, & GA Bars
★ Admitted to PA Bar Only
● ABPLA Certified Medical Malpractice Attorney
○ National Board of Trial Advocacy
Certified Civil Trial Attorney
*NJ Certified Civil Trial Attorney
✕ LLM in Healthcare Law

jalmquist@messalaw.com

March 22, 2015

**VIA EMAIL AND REGULAR MAIL**

Philip D. Priore, Esquire
Pamela M. Biester, Esquire
McCormick & Priore, P.C.
Four Penn Center, Suite 800
Philadelphia, PA 19103

John H. McCarthy, Esquire
Catherine N. Walto, Esquire
Rawle & Henderson LLP
1339 Chestnut Street, 16th Floor
Philadelphia, PA 19102

Anthony S. Potter, Esquire
Franklin C. Miller, Esquire
Michael S. McCarter, Esquire
Powell Trachtman Logan Carrle
& Lombardo, P.C.
240 North Third Street, Suite 1101
Harrisburg, PA 17101

   Re: Ocas, Hector and Erika Alva
      vs. Frank Esposito Construction Company, Inc., et al.
      PCCP, January 2015, No. 00041

Dear Counsel:

   Enclosed is a Subpoena To Attend and Testify issued to Magnolia Torres, who was an OSHA investigator with regard to the incident pertaining to plaintiff, Hector Ocas. I scheduled her videotaped deposition to be held Monday, March 28, 2016 at 4:00 p.m. in Messa & Associates' Conshohocken office located at 923 Fayette Street, Conshohocken, Pennsylvania. This date was selected because Ms. Torres has plans to travel in April and cannot attend a deposition for some time if it is not completed in March.

   Very truly yours,

   *Jenimae Almquist*

   Jenimae Almquist

JMA:cmj
Enclosure

| 6000-6002 Germantown Ave. | 923 Fayette St. | 2091 Springdale Rd, Suite 2 | 475 White Horse Pike | 605 New Road | 520 West First Ave |
|---|---|---|---|---|---|
| Philadelphia, PA 19144 | Conshohocken, PA 19246 | Cherry Hill, NJ 08003 | Collingswood, NJ 08107 | Linwood, NJ 08221 | Roselle, NJ 07203 |
| *p* 215.844.1614 | *p* 215.940.7700 | *p* 856.810.9500 | *p* 856.833.0600 | *p* 609.601.1644 | *p* 908.330.3900 |
| *f* 888.960.3501 | *f* 888.960.3501 | *f* 856.810.9918 | *f* 888.960.3501 | *f* 888.960.3501 | *f* 888.960.3501 |

# Exhibit "B"

**U.S. Department of Labor**

Office of the Regional Solicitor
Suite 630 East
The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306



Reply to: Matthew R. Epstein/Sol File #03001600765        Facsimile:
(215) 861-5122/epstein.matthew.r@dol.gov                  (215) 861-5162

March 24, 2016

Jenimae Almquist
Messa & Associates, P.C.
123 South 22nd Street
Philadelphia, PA 19103
Via e-mail to jalmquist@messalaw.com

          Re:          Ocas v. Esposito Construction Co., Inc. et al.
                       Phila. Court of Common Pleas, Jan. Term 2015, 00041

Dear Ms. Almquist,

This letter is to follow up on a telephone message and e-mail that I left you on March 24, 2016.  I
am in receipt of a subpoena that you served upon a former employee of the U.S. Department of
Labor, Occupational Safety and Health Administration, to testify at a deposition this coming
Monday, March 28, 2016.

Current and former U.S.  Department of Labor employees are subject to the provisions of 29
C.F.R. Part 2, Subpart C, which prohibits them from testifying in private litigation without the
express permission of the Deputy Solicitor of Labor. *See*, 29 C.F.R. §§ 2.20-2.25.  These
regulations also require you to make written application for the testimony of Magnolia Torres,
including a written summary of the information sought and its relevance to the proceeding. *Id.*

The regulations that address these issues are patterned after regulations that were at issue, and
upheld by the Supreme Court, in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).  The
Department's own regulations have been endorsed by the courts.  In *Reynolds Metals Co. v.
Crowther*, 572 F. Supp. 288 (D. Mass. 1982), for example, the district court expressly upheld the
authority of the Solicitor of Labor to bar testimony by Department of Labor employees.  *See
also, Hotel Employees-Hotel Association Pension Fund v. Timperio*, 622 F. Supp. 606 (S.D. Fla.
1985).  Courts rarely reverse the determination of a government agency not to produce a witness
in private litigation where the agency itself is not involved. *See, Davis Enterprises v. U.S.E.P.A.*,
877 F.2d 1181 (3rd Cir. 1989).

As you have not provided a written summary of the information sought, I decline to make Ms.
Torres available to testify.

Additionally, there is a growing consensus among federal courts that by virtue of the doctrine of
sovereign immunity, state courts lack jurisdiction to compel attendance of federal officials in
connection with civil actions pending in these courts. *See Automated Mailing and Processing*

*Systems, Inc. v. Cost Containment, Inc.*, No. 90-30033 (4th Cir. 1991); *Boron v. Oil Co. v. Downie*, 873 F.2d 68 (4th Cir. 1989); *Swett v. Schenk*, 792 F.2d 1447 (9th Cir. 1986); *Moore v. Armour Pharmaceutical Co.*, 129 F.R.D. 551 (N.D. Ga. 1990); *Sharon Lease Oil Co. v. FERC*, 691 F. Supp. 381 (D.D.C. 1988); *Environmental Enterprises, Inc. v. U.S. E.P.A.*, 664 F. Supp. 585 (D. D.C. 1987); *Reynolds Metals Co. v. Crowther*, 572 F.2d 288 (D. Mass. 1982).

My understanding is that the OSHA Philadelphia Area Office has replied to a Freedom of Information Act request in this matter.  If you are not satisfied with the response you received, the appropriate avenue of review is to appeal the decision under FOIA.  *See*, 29 C.F.R. § 70.22.

Please feel free to contact me if you have any questions, I am hopeful that this matter can be resolved amicably.

Sincerely,


Oscar L. Hampton III
Regional Solicitor

By:   /s/ Matthew R. Epstein
      Matthew R. Epstein
      Attorney

Cc: Magnolia Torres, Nicholas DeJesse, Pamela Mayro Biester, Esq., all via e-mail

2

# Exhibit "C"

Joseph L. Messa, Jr. ▪●
Richard J. Heleniak, ▪○
Irene M. McLafferty ▪
Eric H. Weltz ▪
Lee D. Rosenfeld ◇
Thomas N. Sweeney ▪
Jenimae Almquist ▪
Suzanne H. dePillis ▪
Justin L. Groen ▪
Ramon A. Arreola ▪
Angelo Theodosopoulos ▪
Megan M. Kwak▪
Jennifer Gomez Hardy▪

*Counsel to the firm:*
Brett Batoff ★
John Mininno ▪●⁺
Noelle L. Palazzo ▪
Anastasia Buccino-Roth ▪
Steven A. Friedman, M.D., F.A.C.P. ✕★
Richard S. Swartz ▪
Joanna B. Seidman ★

# Messa&Associates

123 South 22ⁿᵈ Street
Philadelphia, PA 19103
*p* 215.568.3500
*f* 215.568.3501
*toll free* 877MESSALAW

▪ Admitted to PA & NJ Bars
◇ Admitted to PA, NJ, & GA Bars
★ Admitted to PA Bar Only
● ABPLA Certified Medical Malpractice Attorney
○ National Board of Trial Advocacy
Certified Civil Trial Attorney
⁺NJ Certified Civil Trial Attorney
✕ LLM in Healthcare Law

atheodosopoulos@messalaw.com

March 30, 2016

**Via Email & First Class Mail (Epstein.matthew.r@dol.gov)**
Matthew R. Epstein, Esq.
Office of the Regional Solicitor
The Curtis Center, Suite 630 East
170 S. Independence Center
Philadelphia, PA 19106

Re:  **Ocas v. Esposito Construction Co., Inc. et al; Phila. CCP 15-0041**
     **Your File No: 03001600765**

Dear Mr. Epstein:

Thank you for your letter of March 24, 2016 (copy enclosed). As you may know, this law firm represents Hector Ocas for catastrophic personal injuries that he sustained in a fall incident at a construction site in Philadelphia on November 8, 2014. I write to request your consideration in scheduling the deposition of former OSHA employee, Magnolia Torres, pursuant to 29 C.F.R. §2.20-2.25.

Ms. Torres is a fact witness to Mr. Ocas' fall incident. The fall incident is the subject of a civil action pending in the Philadelphia Court of Common Pleas to which OSHA will **not** be a party. In her capacity as an OSHA employee, however, Ms. Torres visited the construction site shortly after my client's fall incident, observed the site conditions, and spoke to numerous witnesses including Ronivan Camargo as well as representatives from Frank Esposito Construction Company, regarding my client's fall incident.

The information sought from Ms. Torres includes Mr. Torres' observations of the construction site during her inspection, and the content of conversations that she had with named parties to the civil action regarding the fall down incident, including Mr. Ocas, Ronivon Camargo, and representatives from Frank Esposito Construction Company, Inc.

6000-6002 Germantown Ave.
Philadelphia, PA 19144
*p* 215.844.1614
*f* 888.960.3501

923 Fayette St.
Conshohocken, PA 19246
*p* 215.940.7700
*f* 888.960.3501

2091 Springdale Rd, Suite 2
Cherry Hill, NJ 08003
*p* 856.810.3500
*f* 856.810.9918

475 White Horse Pike
Collingswood, NJ 08107
*p* 856.833.0600
*f* 888.960.3501

605 New Road
Linwood, NJ 08221
*p* 609.601.1644
*f* 888.960.3501

520 West First Ave
Roselle, NJ 07203
*p* 908.330.3900
*f* 888.960.3501

www.messalaw.com

Messa&Associates

Matthew R. Epstein, Esq.
March 30, 2016
Page 2

The information sought by Plaintiffs is not reasonably available from any other source for several reasons.  First, the photographs are difficult to decipher without some sort of orientation.  Second, Mr. Camargo has not responded to the lawsuit and is in fact in default as to an earlier version of the Complaint, and we predict he likewise will not respond to the Complaint that was recently served upon him.  We are therefore unable to interview him at this time.  Third, there are critical language barriers in this case, and Ms. Torres speaks Spanish and may have interviewed key witnesses in Spanish.  To date, we are unable to precisely determine which workers may have been on site on the days leading up to the fall.  Lastly, Mr. Camargo has multiple other fall-related violations from OSHA, and there is a compelling need to delve into his practices and those of the other entities responsible for workplace safety in order to prevent future incidents.  There are other compelling reasons as well which I am not at liberty to share with you without divulging information protected from discovery by work product and attorney-client privilege.

Based on the above, I ask that you kindly agree to produce Ms. Torres for oral deposition at a date and time that is convenient for you and for Ms. Torres.  Please contact me so that we can discuss this matter further.  Thank you.

Sincerely,

Angelo M. Theodosopoulos, Esquire

AMT:cmj
Enclosure

# Exhibit "D"

**US Department of Labor**

Occupational Safety and Health Administration
US Customs House, Room 242
Second & Chestnut Streets
Philadelphia, PA 19106-2902
Phone: (215) 597-4955 Fax: (215) 597-1956



July 17, 2015

Messa & Associates
5000-6000 Germantown Avenue
Philadelphia, PA 19144

**RE:  Hector Ocas-1010961**          **FOIA # 0317000-105-15**
**SIMS#  779169**

Dear Ms. Steffa

Attached please find a CD containing redacted documentation and photos in response to your
June 9, 2015 Freedom of Information Act request concerning OSHA's inspection of
**Hector Ocas.**  Deletions have been made to protect information exempt from public disclosure
as prescribed by the Freedom of Information Act (Title 5, United States Code, Section 552).
Where deletions were made, the appropriate FOIA exemptions are indicated, and for your
convenience a general description of these exemptions are included.

> *Information was deleted in accordance with 5 USC 552(b)(4) which exempts from*
> *disclosure trade secrets and privileged or confidential information.*

> *Information was deleted in accordance with 5 USC 552(b)(7)(C) or (D) which*
> *respectively protects the privacy of individuals and the identities of confidential*
> *sources.*

You have the right to appeal this decision with the Solicitor of Labor within 90 days from the
date of this letter.  The appeal must state, in writing, the grounds for the appeal, including any
supporting statements or arguments.  The appeal should also include a copy of your initial
request and a copy of this letter.

If you appeal, you may mail your appeal to: Solicitor of Labor, U.S. Department of Labor, Room
N-2420, 200 Constitution Avenue, N.W., Washington, D.C. 20210.  Alternatively, you may
email your appeal to foiaappeal@dol.gov, or, fax your appeal to (202) 693-5538.  The envelope
(if mailed), cover email (if emailed), or fax cover sheet (if faxed), *and* the letter indicating the
grounds for appeal, should be clearly marked: "Freedom of Information Act Appeal."

OSHA PHOTO   1

The Freedom of Information Act allows the government to charge for the costs involved in providing these records.  The FOIA fees incurred for your request are:

| | | |
|---|---|---|
| Administrative Search ($5 per quarter hour) | ¼ hr. | $ 5.00 |
| Professional Search ($10 per quarter hour) | 1 hr. | $40.00 |
| Review Time ($5 per quarter hour) | ¾ hr. | $15.00 |
| Copying Costs ($0.15 per page) First 100 pages free. 40 total pgs. | | $00.00 |
| DVD/CD/Photographs (actual costs) | | $ 0.00 |
| Mailing (in excess of $1.00) | | $ 1.50 |
| **TOTAL AMOUNT DUE** | | **$61.50** |

Please send your check or money order, payable to the U.S. Treasury for the total amount due.

If you have any questions, please contact this office at (215) 597-4955or (215) 597-1956 (fax).

Sincerely,

Nicholas DeJesse
Area Director

Enclosures
pg









OSHA PHOTO   20







OSHA PHOTO   28





OSHA PHOTO  34





OSHA PHOTO   40







# Exhibit "E"

**U.S. Department of Labor**     Office of the Solicitor
Washington, D.C. 20210



May 5, 2016

5-10-16

**VIA E-MAIL and U.S. MAIL**
Angelo M. Theodosopoulos
Messa & Associates
6000-6002 Germantown Ave.
Philadelphia, PA 19144
**E-mail:** atheodosopoulos@messalaw.com

Re:     Subpoena requesting testimony and documents from DOL
        *Ocas v. Frank Esposito Construction Company, Inc., et al.*

Dear Mr. Theodosopoulos:

My office is in receipt of your subpoena that was sent to the Office of the Solicitor's Regional office in Philadelphia on or around March 24, 2016. The subpoena seeks the testimony of former Department of Labor ("DOL") Occupational Safety and Health Administration ("OSHA") Compliance Safety and Health Officer Magnolia Torres regarding an OSHA investigation that she conducted due to a fall incident at a construction site in Philadelphia on November 8, 2014 that resulted in injury to your client, Hector Ocas. The subpoena is also seeking documents related to the OSHA investigation of the incident. This letter constitutes DOL's response to your request.

I.     <u>Background</u>

The subpoena received by DOL on or around March 24, 2016 requests that DOL authorize former OSHA employee Magnolia Torres to testify about the OSHA investigation conducted after the fall incident on November 8, 2014 in which Mr. Ocas was injured, as well as to produce documents from the OSHA investigation file. In a letter dated March 30, 2016, you state that your law firm represents Hector Ocas for catastrophic personal injuries he sustained due to the fall. You further state that you are specifically seeking information from Ms. Torres regarding her observations of the construction site during her inspection, and conversations that she had with parties to the third-party lawsuit. You state that you also seek Ms. Torres' assistance in interpreting photographs from the investigation file, and cite additional "compelling reasons" for needing her testimony.

It is my understanding that you have already received a redacted copy of the OSHA investigation file pursuant to a Freedom of Information Act request. A review of the files provided pursuant to that request shows that any documents this office might authorize for release are already available through the FOIA-redacted OSHA investigation file.