II.     Response to _Touhy_ Request

The Supreme Court has held that a federal agency is not required to comply with any document request that fails to comport with the applicable agency regulations governing the production or disclosure of information. *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). Thus, a litigant seeking either documents or testimony from a federal agency in a case in which the Government is not a party must request such documents or testimony in conformity with an agency's regulations.

The federal regulations governing subpoenas served upon DOL employees are found at Title 29, Subtitle A, Subpart C of the Code of Federal Regulations. *See* 29 C.F.R. §§ 2.20 - 2.25. DOL's regulations require you to provide it with a "written summary of the information sought and its relevance to the proceeding in connection with which it was served." 29 C.F.R. § 2.21. Furthermore, the regulations prohibit any DOL employee from disclosing "any information or produc[ing] any material acquired as part of the performance of his official duties or because of his official status," even in response to a subpoena, "without approval of the appropriate Deputy Solicitor of Labor." 29 C.F.R. § 2.22. Only an "Associate Solicitor, Regional Solicitor, or Associate Regional Solicitor, whichever is appropriate, may waive the requirement that a written summary be furnished . . . ." 29 C.F.R. § 2.21.

Once this written summary is received, the Deputy Solicitor must weigh the party's "need for the testimony [or documents] against the adverse effects on the Department of Labor's concerns." *Baker v. United States Dep't of Labor*, 31 F. Supp. 2d 985, 987 (S.D. Fla. 1998). DOL's concerns include "centralizing the dissemination of information of the agency (e.g. restricting investigators from expressing opinions on policy matters), minimizing governmental involvement in controversial matters unrelated to official business and avoiding the expenditure of government time and money for private purposes." *Id.*

To overcome these public policy concerns, a requester must demonstrate "the information sought is both relevant and essential to the presentation of his or her case, there are not reasonable alternative means for acquiring the information sought, and that a significant injustice would ensue if the desired testimony or records were not to be made available." *Herr v. McCormick Grain-The Heiman Co.*, 1994 WL 324558, *2 (D. Kan. June 28, 1994).

III.    Determination

Your request does not provide a sufficient basis for DOL to authorize the testimony of former OSHA employee Ms. Torres in this matter. The facts of the investigation as contained within the OSHA file serve as a contemporaneous recording of Ms. Torres' observations and conclusions. It is my understanding that Ms. Torres has no independent recollection of the investigation beyond what is contained in the file. Thus, Ms. Torres would not be able to contribute any relevant or necessary information pertaining to the investigation other than what is already being provided to you in the file. Therefore, the file serves as the best evidence of the facts and circumstances surrounding the investigation. Any testimony that Ms. Torres would provide in this matter would be duplicative of information already available to you.

Your request does not provide a sufficient basis for DOL to provide additional or unredacted documents in this matter. As noted above, you have received a FOIA-redacted copy of the OSHA investigation file related to OSHA's investigation into the November 8, 2014 incident. That case file is the best evidence of the facts and circumstances surrounding this investigation. Any documents this office might authorize for release are already available through the FOIA-redacted OSHA investigation file.

In addition, the information that was redacted in the documents provided in response to the FOIA request is protected by several privileges. In response to your request, DOL asserts the deliberative process privilege, which protects disclosure of inter-agency and intra-agency deliberations. "The [deliberative process] privilege protects thoughts, ideas, reasoning, and analyses which lead to a decision of the agency." *Kan. State Network, Inc. v. F.C.C.*, 720 F.2d 185, 191 (D.C. Cir. 1983). This privilege protects, among other items, pre-decisional investigator notes that, if released, would reveal the deliberative process that the investigator and agency undertook during the investigation.

DOL also asserts the informant privilege, which allows the Government to withhold from disclosure the identity of persons who provide information about violations of the law to law enforcement officers, as well as material that tends to reveal an informant's identity. *See e.g., U.S. v. Christopher*, 2008 WL 4951499 (D. Virgin Islands, Nov. 17, 2008), *citing, Roviaro v. United States*, 353 U.S. 53, 59 (1957). This privilege applies in both civil and criminal proceedings. *See, Cofield v. City of LaGrange*, 913 F. Supp. 608, 630 – 631 (D.D.C. 1996).

Finally, sovereign immunity shields the federal government from a subpoena issued by a non-federal court. *E.g., Houston Business Journal, Inc. v. Office of the Comptroller of the Currency*, 86 F.3d 1208, 1211 (D.C. Cir. 1996). A non-federal court's review of a federal agency's decision concerning production of evidence would violate the Administrative Procedure Act (5 U.S.C. sec. 702) and, therefore, the Supremacy Clause of the United States Constitution. *E.g., Boron Oil Co.* at 70. Any attempt to enforce a subpoena in this case will prompt removal to federal court. *See Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408 (D.C. Cir. 1995).

Consequently, in light of the above circumstances, and in accordance with DOL's authority to regulate the provision of records and testimony under 29 C.F.R. § 2.21 *et seq.*, as outlined in *Touhy*, DOL does not authorize the testimony of Ms. Torres, or the release of an unredacted copy of the OSHA investigation file.

This letter constitutes a "final agency action" for purposes of the Administrative Procedure Act ("APA"). 5 U.S.C. § 704. Nothing herein should be construed as a waiver of any other defense to the validity or enforceability of this or any other request or subpoena that you may serve on DOL.

If you have any questions regarding this matter please contact Emily S. Whitten, an attorney in my office, at 202-693-6291 or whitten.emily.s@dol.gov.

Sincerely,

KATHERINE E. BISSELL
Deputy Solicitor
 for Regional Operations

By: *[signature]*
Joseph J. Plick
Counsel
Division of Management and
 Administrative Legal Services
U.S. Department of Labor
200 Constitution Ave., N.W., Suite N-2420
Washington, D.C. 20210

cc: **Via E-mail Only**
 Matthew R. Epstein (Epstein.Mattew.R@dol.gov)
 Magnolia Torres (magnoliatorres70@yahoo.com)