IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| HECTOR OCAS and<br>ERIKA ALVA, W/H,<br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br>DEPARTMENT OF LABOR,<br>Defendant. | CIVIL ACTION<br><br><br><br>NO. 16-5389 |
|---|---|

DuBois, J.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　June 26, 2017

## M E M O R A N D U M

This case arises out of the refusal by defendant United States Department of Labor's ("DOL") to authorize the testimony of a former Occupational Safety and Health Administration ("OSHA") inspector in a third-party state court civil matter.  Plaintiffs, Hector Ocas and Erika Alva, challenge that decision as arbitrary and capricious under the Administrative Procedure Act ("APA").  Presently before the Court are DOL's Motion for Summary Judgment and plaintiffs' Cross Motion for Summary Judgment.  For the reasons that follow, the Court grants DOL's Motion and denies plaintiffs' Cross Motion.

**I.　　BACKGROUND**

The facts of this case as set forth in the parties' briefs, accompanying exhibits, and the administrative record are summarized as follows.  The facts are not contested except as otherwise noted.

On November 8, 2014, Hector Ocas was injured while working at a Philadelphia construction site.  Statement of Undisputed Facts in Supp. of DOL's Mot. for Summ. J. ("SOF") ¶ 1.  Six days after that accident, on November 14, 2014, former OSHA compliance officer Magnolia Torres inspected the construction site as part of an OSHA investigation.  SOF ¶¶ 1, 3.

As part of that inspection, Torres took photographs of the worksite, and interviewed the owners of both the general contractor for the worksite and a sub-contractor on the worksite tasked with carpentry work. SOF ¶ 4. Torres ultimately determined that Mr. Ocas worked as an independent contractor and that OSHA did not have jurisdiction over his employment. SOF ¶¶ 5-6.

Plaintiffs filed a personal injury action against the worksite contractors in the Court of Common Pleas of Philadelphia County. Plaintiffs' Counter Statement of Undisputed Facts in Opp'n to Mot. for Summ. J. ("PSOF") ¶ 1. Following a Freedom of Information Act request by plaintiffs, OSHA provided plaintiffs with a redacted copy of its investigation file. SOF ¶ 8. On March 24, 2016, plaintiffs sought Torres's testimony regarding her investigation via a subpoena delivered to DOL's Philadelphia Regional Office. PSOF ¶ 10. DOL informed plaintiffs' counsel in the civil case that former OSHA employees are prohibited from testifying in private litigation without the express permission of the Solicitor of Labor and declined to make Torres available to testify in the case unless plaintiffs provided DOL with a summary of the information sought. PSOF ¶ 7.

> Plaintiffs responded with a letter, on March 30, 2016, stating in relevant part:
>
> The information sought by Plaintiffs is not reasonably available from any other source for several reasons. First, the photographs are difficult to decipher without some sort of orientation. Second, Mr. Camargo [the owner of the sub-contractor tasked with carpentry work at the site] has not responded to the lawsuit and is in fact in default as to an earlier version of the Complaint, and we predict he likewise will not respond to the Complaint that was recently served upon him. We are therefore unable to interview him at this time. Third, there are critical language barriers in this case, and Ms. Torres speaks Spanish and may have interviewed key witnesses in Spanish. To date, we are unable to precisely determine which workers may have been on site on the days leading up to the fall.

PSOF ¶ 8. The Office of the Solicitor for DOL sent a letter to plaintiffs' counsel on May 5, 2016, declining to authorize the testimony of Torres. SOF ¶ 12. That letter explained that Torres "has no independent recollection of the investigation beyond what is contained in the file. Thus,

Ms. Torres would not be able to contribute any relevant or necessary information pertaining to the investigation other than what is already being provided to you in the file." SOF ¶ 12.

On October 7, 2016, plaintiffs filed this suit seeking an order requiring Torres to provide testimony. DOL filed a Motion for Summary Judgment on May 1, 2017. Plaintiffs filed a Cross Motion for Summary Judgment on May 22, 2017. Those Motions are now ripe for review.

## II. APPLICABLE LAW

The parties seek review under the Administrative Procedure Act ("APA"). "While summary judgment is the proper mechanism for deciding, as a matter of law, whether an agency decision is supported by the administrative record and consistent with the APA standard of review because the district judge sits as an appellate tribunal in such cases, the usual summary judgment standard does not apply." *Uddin v. Mayorkas*, 862 F. Supp. 2d 391, 399 (E.D. Pa. 2012).

Under the APA, a court may only set aside an agency decision if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). The scope of review under the APA "is narrow, and a court is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Auto Ins. Co.*, 463 U.S. 29, 43 (1983). "Reversal is appropriate only where the administrative action is irrational or not based on relevant factors." *NVE, Inc. v. Dep't of Health & Human Servs.*, 436 F.3d 182, 190 (3d Cir. 2006). In determining whether an agency acted arbitrarily and capriciously, a district court considers "whether the agency relied on factors outside those Congress intended for consideration, completely failed to consider an important aspect of the problem, or provided an explanation that is contrary to, or implausible in light of, the evidence." *Id.*

## III. DISCUSSION

Plaintiffs argue that DOL abused its discretion and summarily denied plaintiffs' request to depose Torres. The Court disagrees.

Under 5 U.S.C. § 301, federal agencies may promulgate regulations governing employees' abilities to respond to third-party subpoenas for information in civil cases to which the agency is not a party. Under DOL's promulgated regulations, DOL employees cannot provide information or documents in a case to which DOL is not a party unless DOL authorizes a release. 29 C.F.R. §§ 2.20-25. To determine if an authorization is warranted, DOL "weigh[s] the plaintiff's need for testimony against the adverse effects on the Department of Labor's concerns." *Baker v. U.S. Dep't of Labor*, 31 F. Supp. 2d 985, 987 (S.D. Fla. 1998). DOL's "public policy reasons against permitting the deposition of the OSHA inspector [include] centralizing the dissemination of information of the agency (e.g. restricting investigators from expressing opinions on policy matters), minimizing governmental involvement in controversial matters unrelated to official business and avoiding the expenditure of government time and money for private purpose." *Id.* "To overcome these public policy concerns the plaintiff must establish that: (1) the information sought is both relevant and essential to the underlying case; (2) there are no reasonable alternative means for acquiring the information sought; and (3) a significant injustice would ensue if the desired testimony was not made available." *Lupardus v. U.S. Dep't of Labor*, No. 06-0661, 2007 WL 2156606, at *2 (S.D. W. Va. July 26, 2007).

In this case, DOL determined that Torres had no independent recollection of the investigation and that the investigative file "serve[d] as the best evidence of the facts and circumstances surrounding the investigation." Administrative R. at DOL-095. Torres herself states that she has "no independent recollection of the facts and circumstances surrounding the

4

investigation beyond what is contained in the file. Any testimony that I would provide in this matter would be duplicative of information already available[.]" DOL's Mot. for Summ. J., Ex. 2, Decl. of Magnolia Torres, Mar. 8, 2017, ¶ 6. DOL also evaluated the potential use of agency resources if it granted plaintiffs' testimony request. Although Torres is a former OSHA employee, DOL would be required to provide an attorney to accompany Torres and represent DOL's interest. DOL determined that expenditure was not warranted.

DOL balanced all of these considerations against plaintiffs' stated need for Torres's testimony. Plaintiffs contend that the information they seek from Torres is not reasonably available from any other source. However, as DOL considered in reaching its decision, OSHA previously provided the investigative file to plaintiffs. While plaintiffs argue that they may not be able to use the file in their state civil action without Torres's testimony, the possibility of inadmissibility is not sufficient to require Torres's testimony. *See Godwin v. Crosby Grp., Inc.*, No. 87-1187, 1987 WL 258181, at *2 (N.D. Ga. July 6, 1987) ([Plaintiff] argues . . . that the possibility of [the OSHA report's] inadmissibility should persuade this court to overrule the Deputy Solicitor's finding that this does not present a compelling case for requiring OSHA's resources to be used to assist the defense in private litigation. The court declines to do so[.]"). DOL also determined that plaintiffs had reasonable alternative means for obtaining portions of the information they sought from Torres's testimony, including future testimony from third-party witnesses such as Camargo who owns one of the sub-contracting companies.

The Court concludes that DOL considered the relevant factors and weighed the adverse effects on the DOL's concerns against plaintiffs' stated need for Torres's testimony. *See Kauffman v. U.S. Dep't of Labor*, No. 96-5929, 1997 WL 825244, at *3 (E.D. Pa. Dec. 19, 1997) (Waldman, J.) (holding that DOL's refusal to produce an inspector, who stated that he had no

5

independent recollection of the events underlying a third-party action, for a deposition was not arbitrary, capricious, or unlawful). Because the DOL conducted the required inquiry in reaching its decision and this Court may not substitute its judgment for that of the agency, the Court concludes that DOL's refusal to provide Torres for a deposition was not arbitrary, capricious, or an abuse of discretion.

## IV. CONCLUSION

For the foregoing reasons, the Court grants the Department of Labor's Motion for Summary Judgment. The Court denies Hector Ocas and Erika Alva's Cross Motion for Summary Judgment. An appropriate order follows.